IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGGIE JOHNSON,
# M-05767,

Petitioner,

vs.                                                    Case No. 14-cv-670-DRH

D. HARRINGTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Reggie Johnson brings this habeas corpus action to challenge the imposition of a one-year term of mandatory supervised release (Doc. 4). He originally filed this action in the United States District Court for the Northern District of Illinois on April 10, 2014 (Doc. 1). At the time, he was incarcerated at Menard Correctional Center ("Menard").

To commence the action, petitioner used a state habeas corpus form bearing a Cook County, Illinois Circuit Court caption (Docs. 1, 3). He did not indicate whether the petition was filed in federal court pursuant to 28 U.S.C. § 2254 or § 2241. The Northern District provided petitioner with a federal habeas packet and instructed him to file it on or before May 20, 2014. Petitioner filed a timely amended petition, which the Northern District construed as a petition filed pursuant to § 2241 before transferring the case to this Court for disposition on June 11, 2014 (Doc. 7).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the amended petition, the Court concludes that petitioner is not entitled to relief.  Accordingly, the petition shall be **DISMISSED**.

## I.   Background

Petitioner was sentenced to three years of imprisonment for possession of a controlled substance with intent to deliver (Doc. 4, p. 2).  The Cook County Circuit Court entered a judgment of conviction pursuant to a guilty plea on June 17, 2013.  Petitioner did not appeal the judgment of conviction or the imposition of his three-year sentence in state court (Doc. 4, pp. 2-3).  The amended petition appears to represent petitioner's first challenge to his conviction or sentence.

## II.   Amended Petition

Petitioner now claims that he has served his full sentence (Doc. 4, p. 5).  He states, "I pled guilty to 3 yrs at 50%" (Doc. 4, p. 5).  Accordingly, petitioner is required to serve only eighteen months of his thirty-six month sentence.  He began serving his sentence on December 15, 2012.  He claims that his mandatory release date is June 13, 2014.

While petitioner seeks immediate release, public records reveal that he has already been released from prison. According to the Illinois Department of Corrections ("IDOC") website,[1] petitioner was released on parole on June 13, 2014. This is the exact date that petitioner claims he should have been released.

Instead, the amended petition challenges the imposition of a one-year term of mandatory supervised release ("MSR") (Doc. 5, pp. 5, 10-23). Petitioner argues that he should not be subject to MSR because he did not agree to it when he pleaded guilty. He instead pleaded guilty to "3 yrs at 50%" (Doc. 4, p. 5). This additional year of parole allegedly extends the length of his "incarceration"[2] to nearly eighty-five percent of his sentence. Petitioner states, "I also upon my release have to do 1 year parole that mean I'm still incarcerated (supervised release) that mean I will be serving almost 85% of what I pled guilty to" (Doc. 4, p. 5). It is this challenge to his one-year term of MSR that gives rise to the instant amended petition.

---

[1] The Court reviewed the inmate search page of the Illinois Department of Corrections website, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (site last visited on July 3, 2014).

[2] Petitioner appears to confuse the term "incarceration" with the phrase "in custody." A person on parole (MSR) is no longer incarcerated. However, he remains "in custody" for purposes of federal habeas corpus statutes and thus has a federal habeas remedy. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("[A] prisoner who [has] been placed on parole [is] still 'in custody' under his unexpired sentence."); *Jones v. Cunningham*, 371 U.S. 236, 238 (1963) (a parolee may seek a writ of habeas corpus, which is available only to those who are "in custody"); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (a petition for a writ of habeas corpus, rather than an action under Section 1983, was the appropriate remedy for a parolee seeking release from one of the restrictions imposed by his parole).

3

### III. Discussion

The amended petition does not indicate whether petitioner is bringing this action pursuant to § 2241 or § 2254.[3] Under the circumstances, it does not matter. Either way, petitioner is required to exhaust state court remedies, or else show cause and prejudice for his failure to do so. *See* 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)). A prisoner need not pursue all separate state remedies that are available to him, but must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his

---

[3] The Northern District construed the amended petition as being brought under § 2241 and transferred it to this Court for disposition. However, the case was designated as an action brought pursuant to § 2254 at the time it was opened in this Court.

4

claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

By all indications, petitioner took no steps to exhaust his state remedies before filing this action.  The petition sets forth no details regarding petitioner's attempts to resolve this issue in state court.  If petitioner were to obtain relief in state court,[4] review by this Court would be unnecessary.  This claim appears to be unexhausted.  Further, petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter.

Therefore, the amended habeas petition (Doc. 4) is **DISMISSED** without prejudice to re-filing the MSR claim raised herein in state court, should he wish to do so.

### IV.   Disposition

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** without prejudice.  Respondent **D. HARRINGTON** is also **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. CIV. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  See FED. R. CIV. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a

---

[4] The Court will not speculate on the outcome of such proceedings.

5

portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[5] appeal deadline.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. CIV. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

6

circuit judge issue the certificate. FED. R. CIV. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because he has not yet exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

**DATED: July 7, 2014**

Digitally signed by David R. Herndon
Date: 2014.07.07 10:44:55 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**